USCA1 Opinion

 

 October 10, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1629 TROY E. BROOKS, Plaintiff, Appellant, v. NEW HAMPSHIRE SUPREME COURT, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Philip T. Cobbin on brief for appellant. ________________ Jeffrey R. Howard, Attorney General, and Stephen J. Judge, Senior ________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. Plaintiff-appellant Troy E. Brooks appeals __________ from the district court's dismissal of his case based upon the abstention doctrine of Younger v. Harris, 401 U.S. 37 _______ ______ (1971). We summarily affirm. I. Mootness ________ Subsequent to the district court's dismissal of this case, the New Hampshire Supreme Court issued its published opinion in Petition of Troy E. Brooks, 140 N.H. 813 (1996). ___________________________ The state court held that "[t]he confidentiality provisions of prior Supreme Court Rule 37(17)(a) and (g) were not sufficiently narrowly tailored to meet compelling State interests and accordingly have failed first amendment scrutiny." The court also noted that Brooks' relevant alleged conduct "would not run afoul of the rules as they have been amended," and declared that it would not use its contempt powers against Brooks pursuant to the pre-amendment Rule 37(17)(g). In light of this decision, we find that Brooks' federal claims for equitable relief are moot. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. . . . This case-or- controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. _____ Continental Bank Corp., 494 U.S. 472, 477 (1990). This court ______________________ may address mootness although neither party has raised it. -2- See 13A Charles A. Wright, Arthur R. Miller & Edward H. ___ Cooper, Federal Practice & Procedure, 3533.1, pp. 226-27 ______________________________ (1984 & 1996 Supp.). "Where declaratory relief is sought, plaintiff must show that there is a substantial controversy over present rights of 'sufficient immediacy and reality' requiring adjudication." Boston Teachers Union, Local 66 v. ________________________________ Edgar, 787 F.2d 12, 15-16 (1st Cir. 1986). _____ The live controversy between Brooks and the defendants ended when the New Hampshire Supreme Court issued its published opinion declaring that the challenged provisions of Rule 37(17) violated the First Amendment and stating that it would not use its contempt powers against Brooks pursuant to the pre-amendment Rule 37(17)(g). All of the injunctive and declaratory relief that Brooks sought in his federal complaint was obtained as a result of the state court's decision. Brooks states in his brief that "the post suit amendment by defendants is subject to impinging Mr. Brooks' rights as he is engaged in an ongoing controversy with attorneys regarding his right as a father." Appellant's Brief, p. 3. Those hypothetical future claims, however, are not of sufficient "immediacy and reality" to satisfy the case-or-controversy requirement. Boston Teachers Union, ________________________ Local 66, 787 F.2d at 15-16. ________ This case does not fall within the exception to the mootness doctrine for voluntary cessation of allegedly -3- illegal conduct. "This exception is meant to prevent defendants from defeating a plaintiff's efforts to have its claims adjudicated simply by stopping their challenged actions, and then resuming their 'old ways' once the case became moot." Boston Teachers Union, Local 66, 787 F.2d at ________________________________ 16. Given the New Hampshire Supreme Court's decision declaring the challenged pre-amendment provisions unconstitutional, there is "'no reasonable expectation that the wrong will be repeated.'" Preiser v. Newkirk, 422 U.S. _______ _______ 395, 402 (1975) (citations omitted). II. Attorney's Fees _______________ Brooks argues that the district court erred in dismissing, rather than staying, the federal action because it included a request for attorney's fees and costs. In Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712, 1728 ___________ ___________________ (1996), the Supreme Court held that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary. Because this was a damages action, we conclude that the District Court's remand order was an unwarranted application of the Burford doctrine." _______ Quackenbush, 116 S. Ct. at 1728. Because Brooks' federal ___________ suit was not an action for damages, and the relief it sought -4- "is equitable or otherwise discretionary," the abstention- based dismissal was within the court's power. 1 1 The district court's dismissal of this case is summarily _________ affirmed. See Loc. R. 27.1. ________ ___  ____________________ 1 To the extent that Brooks argues that the requirements 1 of Younger have not been met, this court already decided that _______ issue in its previous decision. See Brooks v. New Hampshire ___ ______ _____________ Supreme Court, 80 F.3d 633, 638-39 (1st Cir. 1996). _____________ -5-